101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Edwin NACHBAUR, Plaintiff-Appellant,
v.
ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, Defendant-Appellee.
 No. 96-7012.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Edwin Nachbaur, pro se, New York, NY, for appellant.
 Steven C. Mandell, Aaronson, Rappaport, Feinstein & Deutsch, LLP, NY, for appellee.
 Before LUMBARD, ALTIMARI, and WALKER, Jr., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Duffy, Judge ), and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 3
 Plaintiff-appellant Edwin Nachbaur, who is proceeding pro se, appeals from a judgment of the district court dismissing his compliant for lack of subject matter jurisdiction.
 
 
 4
 On May 17, 1995, Nachbaur filed a complaint against St. Luke's-Roosevelt Hospital Center ("St.Luke's") alleging that while he was in the intensive care unit of the orthopedic ward, the nursing staff made three attempts to kill him. In addition, he alleges that on another occasion, hospital employees restrained and brutalized him. Nachbaur claimed that the district court had jurisdiction "because, first, it is a federal Question, second, The plaintiff resides in the county of New York, and Defendant conducts business in same county." Nachbaur specifically predicated federal question jurisdiction under 28 U.S.C. § 1331 on his allegation that the hospital staff was contracted by his former-employer to kill Nachbaur in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.
 
 
 5
 On December 8, 1995, the district court sua sponte issued an order dismissing Nachbaur's complaint for lack of subject matter jurisdiction. Nachbaur filed a notice of appeal on December 26, 1995.
 
 
 6
 The district court properly rejected diversity of citizenship as a basis of jurisdiction. The party asserting jurisdiction bears the burden of showing that the case is properly before the court. In Re Joint E. & So. Dist. Asbestos Lit., 14 F.3d 726, 730 (2d Cir.1993). Nachbaur has failed to demonstrate that he and St. Luke's are citizens of different states. To the contrary, Nachbaur admits in his complaint that he resides in the county where St. Luke's conducts its business, thus precluding the assertion of diversity jurisdiction.
 
 
 7
 Although Nachbaur's complaint explicitly invokes RICO, a claim brought under federal question jurisdiction may be dismissed if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." Bell v. Hood, 327 U.S. 678, 682 (1945). In this case, the gravamen of the plaintiff's complaint is a medical malpractice claim. The plaintiff's allegations do not meet the pleading requirements to state a claim for damages under RICO, for he does not sufficiently allege that the defendants were involved in a pattern of racketeering activity that directly or indirectly maintains an interest in an enterprise, which affects interstate commerce. Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir.1983), cert. denied, 465 U.S. 1025 (1984). Acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy the continuity requirement needed to sustain a RICO claim. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989). Here, the defendants do not threaten any future criminal conduct and Nachbaur is no longer in the hospital. Thus, the district court properly dismissed the complaint for lack of federal question jurisdiction.
 
 
 8
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.